UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DARYL I. DILLIHAY,

          Plaintiff,

   v.

HOWARD E. FREED, et al.,

          Defendants.

Civ. No. 13-1096 (NLH) (JS)

**OPINION**

## I.    INTRODUCTION

Plaintiff is a state inmate confined at the Atlantic County Justice Facility in Mays Landing, New Jersey. Plaintiff brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 and has submitted an application to proceed *in forma pauperis*. Based on the *in forma pauperis* application, the Court will grant Plaintiff's application and will order the Clerk to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. While Plaintiff's Complaint is difficult to decipher, he appears to be suing several police officers, a prosecutor, and a judge, each for his role in Planitiff's arrest, conviction, and imprisonment. Because each of Plaintiff's claims is insufficiently plead, the complaint will be dismissed for failure to state a claim upon which relief will be granted. However, Plaintiff shall be given leave to file an amended complaint.

1

## II.     BACKGROUND

Plaintiff names several defendants in the complaint; specifically: Howard E. Freed, Christopher Lipari, Cpl. Houck, P. Neal, Watson and Feldman. He also names unknown "John Does" of the Stockton Police Department.

With respect to Defendant Freed, Plaintiff states that he is a judicial officer of the Galloway Municipal Court. In his capacity as a Judge, Plaintiff states that Judge Freed issued a "fatally defective/deceptive fictitious notice of warrant." (Dkt. No. 1 at p. 4.) Plaintiff further claims that this caused him to be falsely imprisoned.

Plaintiff alleges that Defendant Lipari is a prosecutor in Galloway Township. He claims that Lipari:

> is guilty of causing the affiant/claimant to be unlawfully/falsely imprisoned, engaging in trespass, aggravated assault, constructive fraud, fraud upon the court, deprivation of rights under color of law, malicious prosecution, as well as a plethora of criminal actions, in egregious and wanton misconduct in want of jurisdiction, without evidence of authority and jurisdiction (in absence of both) by proceeding unlawfully/illegally for a minimum of 25 minutes without arraignment, or plea and continued in the void ab initio proceeding to convict affiant/claimant with full knowledge of the matter(s) being a conflict of interest even after affiant/claimant's challenge of the court's jurisdiction and authority (by way of abatement of matter(s) and judicial notice and proclamation/affidavits of truth) placed into the record of the court by the affiant claimant, settling the matter(s) in the private. The Defendant grossly turned a previous 10 day sentence into 180 days, purposely, intentionally, and knowingly, knowing the affiant was not the mis-discriptioned/mis-representation [sic], nom de guerre/misnomer, in collusion with Howard E. Freed – J.M.C. (who could have stopped the unlawful actions of the defendant but elected not to, and conspire to commit the treasonous/perjurous actions with him (defendant).

(*Id.* at p. 5.)

Plaintiff makes several allegations against Defendant Houck.  Houck is a police officer in the Galloway Township Police Department.  Plaintiff states that Houck committed trespass, aggravated assault and used excessive force in executing the "fatally defective/deceptive ficticious [sic] notice of warrant" that was issued by Judge Freed.  He states that Houck was warned that the restraints he put on Plaintiff during the arrest were too tight and that they caused physical injury and nerve damage.  Additionally, Plaintiff alleges that Houck is liable because he was unlawfully arrested.

Plaintiff next states that Defendant Neal is also a police officer in the Galloway Township Police Department.  His allegations against Defendant Neal are similar to those against Defendant Houck.

With respect to Defendants Watson and Feldman, Plaintiff alleges that they are employed at Mike Best Bailbonds.  He states that they:

> did by way of trespass and aggravated assault, cause the Affiant Claimant to be unlawfully/falsely imprisoned, by way of deception and telling the Affiant's girlfriend/fiancé and family that they were looking for an unknown person of interest, not being the Affiant Claimant, and never having identifying themselves as to who they were, without any authority or jurisdiction, in collusion with Howard E. Freed – J.M.C., Galloway Twp. Police and Stockton State Police Units, without any evidence of a contract between the bonding company and the Affiant/Claimant, causing/engaging in kidnapping, and deprivation of right under color of law (Title 18, Section(2) 241, 242), and RICO.

(Dkt. No. 1 at p. 10-11.)

Finally, Plaintiff raises allegations against unknown John Does of the Stockton Police Department.  Specifically, he states that they committed trespass, aggravated assault and used excessive force in enforcing the warrant issued by Judge Freed.  He further states that these

3

officers also caused his unlawful imprisonment as a result of their enforcement of Judge Freed's warrant.  Finally, Plaintiff states that one unknown officer threatened to physically assault him.

Plaintiff requests that a 180-day sentence he received be voided.[1]  He further requests that an upcoming proceeding also be voided.  He states that the Defendants should be removed from office and be subject to prison time and fines for their violations of Plaintiff's constitutional rights.

### III.   STANDARD OF REVIEW

A.  Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege

---

[1] The complaint is unclear as to the nature of Plaintiff's criminal proceedings.  However, for purposes of screening, this lack of clarity is immaterial.

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per

4

"sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

   B.  <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his Constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Tp.*

---

curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

*Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988)).

## IV.     DISCUSSION

At the outset, to the extent that Plaintiff is seeking to challenge his conviction or sentence, or the fact of his incarceration, his challenge is subject to dismissal for lack of jurisdiction. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) ("It is well-settled that when a state prisoner is challenging the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a § 1983 action.") (citation omitted). However, to the extent that Plaintiff is seeking monetary relief for the claims discussed above, further discussion is warranted.

   A.  Judge Freed

Plaintiff's claims against Judge Freed arise from his allegations that Judge Freed issued a defective warrant against Plaintiff. Generally, a judicial officer has absolute immunity in the performance of his or her duties. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). The immunity is absolute and cannot be overcome by allegations of bad faith or malice. *See id*. at 11. There are two exceptions for judicial immunity: (1) for non-judicial actions (actions not taken in the judge's judicial capacity); and (2) for actions, though judicial in nature, which are taken in the complete absence of jurisdiction. *See id*. at 11-12. Whether an act by a judge is a judicial one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see also Gallas v. Supreme Court of Pa.*, 211 F.3d 760 (3d Cir. 2000). For the following reasons, Plaintiff fails to state a claim against Judge Freed upon which relief can be granted.

In this case, the claims against Judge Freed arise from his judicial actions during the course of Plaintiff's criminal proceedings. For example, Plaintiff alleges that Judge Freed issued a fatally defective notice of warrant, which is a judicial action. In conclusory fashion, Plaintiff asserts that Judge Freed was without jurisdiction to issue the warrant. However, this bare statement, without more, does not satisfy the *Iqbal* pleading standard. *See Bistrain v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (stating that to determine whether a complaint meets *Iqbal*'s pleading standard, allegations that are not more than conclusions are not entitled to the assumption of truth). Therefore, Plaintiff fails to state a claim against Judge Freed. *Accord Surine v. Edgcomb*, 479 F. App'x 405, 407 (3d Cir. 2012) (per curiam) ("Defendant Biran W. Edgcomb, a Magisterial District Judge in Tioga County, properly was dismissed pursuant to the doctrine of absolute judicial immunity, because Surine did not show that Judge Edgcomb, in issuing the search warrant, acted 'in the clear absence of all jurisdiction.'") (quoting *Stump*, 435 U.S. at 357).

B. Christopher Lipari

As stated in Part II, *supra*, Plaintiff's claims against Defendant Lipari arise out of his role as a state prosecuting attorney in Plaintiff's criminal proceeding. For the following reasons, the complaint fails to state a claim against Defendant Lipari.

A state prosecuting attorney who acts within the scope of his duties in initiating and pursuing a criminal prosecution is not amenable to suit under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also Arsad v. Means*, 365 Fed. Appx. 327, 329 (3d Cir. 2010) (per curiam). A prosecutor's appearance in court as an advocate of the state's position or the presentation of evidence at a hearing is protected by absolute immunity. *See Burns v. Reed*, 500 U.S. 478, 492 (1991). Moreover, "acts undertaken by a prosecutor in preparing for the initiation

of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. " *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Plaintiff's claims against Defendant Lipari relate to his actions in his capacity as a state prosecutor during Plaintiff's arraignment and sentencing.  Accordingly, plaintiff fails to state a claim against Defendant Lipari as he is immune from suit because he was acting within the scope of his duties in pursuing a criminal prosecution.  *Accord LeBlanc v. Stedman*, 483 F. App'x 666, 670 (3d Cir. 2012) (per curiam) (finding prosecutors immune from suit where they are acting within the scope of their duties in a criminal prosecution and noting that the protection includes a prosecutor's activities with preparing and filing charging documents); *Green v. United States*, 418 F. App'x 63, 66 (3d Cir. 2011) (per curiam) ("[P]rosecutors enjoy immunity from suit for damages under § 1983 for actions performed within their authority) (citations omitted).

C.  <u>Defendants Houck and Neal</u>

Plaintiff raises several different claims against Defendants Houck and Neal.  Plaintiff's claims of trespass, unlawful arrest and false imprisonment arise from Defendants Houck and Neal's effectuating the warrant issued by Judge Freed.  Furthermore, Plaintiff also alleges that these two Defendants used excessive force in effectuating the arrest.  These claims are reviewed in turn.

i.      *Unlawful Arrest/False Imprisonment & Trespass*

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)).  A

claim for false imprisonment arises when a person is arrested without probable cause and is subsequently detained pursuant to that unlawful arrest. *See Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (per curiam) (citing *Groman*, 47 F.3d at 636). Thus, a claim of false imprisonment in this context is derivative of a claim for arrest without probable cause. *See Johnson v. Camden Cnty. Prosecutors' Office*, No. 11-3588, 2012 WL 273887, at 4 n.2 (D.N.J. Jan. 31, 2012) (citing *Groman*, 47 F.3d at 636). "'Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)); *see also Minatee v. Phila. Police Dep't*, 502 F. App'x 225, 228 (3d Cir. 2012) (citation omitted). The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial. *See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005); *see also Minatee*, 502 F. App'x at 228 (citation omitted).

Plaintiff admits that Defendants Houck and Neal were effectuating a warrant issued by Judge Freed when they arrested Plaintiff. However, this in and of itself does not shelter these officers from liability for the alleged unlawful arrest/false imprisonment. *See Wilson v. Russo*, 213 F.3d 781, 786 (3d Cir. 2000). Instead, "a plaintiff may succeed in a § 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the evidence: (1) that the police officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." *Id.* at 786-87 (internal quotation marks, citation and footnote omitted); *see also Reedy v. Evanson*, 615 F.3d

197, 213 (3d Cir. 2010). The complaint is devoid of any allegation that Defendants Houck or Neal knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions in applying for the warrant issued by Judge Freed. Indeed, the complaint does not even allege that these officers were involved in applying for the warrant. Accordingly, the complaint does not state an unlawful arrest/false imprisonment claim against Defendants Houck and Neal. Similar reasons dictate that Petitioner fails to state a claim under state law for trespass against these two Defendants. *Accord Mesgleski v. Oraboni*, 748 A.2d 1130, 1141 (N.J. Super. Ct. App. Div. 2000) ("[T]here was no actionable trespass because Oraboni was lawfully on the premises to serve a summons").

    ii.    *Excessive Force*

Plaintiff also alleges that Defendants Houck and Neal used excessive force during the course of effectuating the arrest. Specifically, Plaintiff states that he warned Defendant Houck that the restraints he was using on him were too tight and that the restraints caused physical injury and nerve damage on Plaintiff. Plaintiff also alleges that Defendant Neal "caused physical injury/nerve damage." (Dkt. No. 1 at p. 10.)

> The Fourth Amendment requires police officers to use only the degree of force that is reasonably necessary to place a suspect under arrest. *See Garrison v. Porch*, 376 F. App'x 274, 277 (3d Cir. 2011) (citing *Tennessee v. Garner*, 471 U.S. 1, 9-10). If the force used in effecting an arrest is beyond what was reasonably necessary, the arrestee may seek monetary damages for the infringement of his or her constitutional rights under § 1983." *Id.* In determining whether or not the force used in effecting an arrest was unreasonably excessive, a finder of fact is to consider the totality of the circumstances surrounding the arrest. *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997).

*Garrison v. Porch*, 376 F. App'x 274, 277 (3d Cir. 2010).

10

The Court finds that Petitioner's excessive force allegations fail to state a claim upon which relief may be granted. Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint includes no information concerning the date of the purported incident giving rise to Plaintiff's excessive force claim. While exact dates and times are not necessary, some information regarding when the incident occurred should be included in the complaint to put Defendants on notice of the claim and to place the claim within the applicable statute of limitations period. *Accord Young v. Beard*, No. 07-2266, 2009 WL 3111742, at *6 n. 7 (M.D. Pa. June 1, 2009) (citing *Tucker v. United States*, No. 06-1403, 2006 WL 2711647, at *3 (M.D. Pa. Sept. 21, 2006), *report and recommendation adopted in part, rejected in part on other grounds*, 2009 WL 3111736 (M.D. Pa. Sept. 23, 2009); *see also Adderly v. Eidem,* No. 11-0694, 2012 WL 3234236, at *3 (M.D. Pa. Aug. 6, 2012) (finding that plaintiff failed to state a claim where he alleged that actions of defendants occurred "on various dates" because he did not provide details as to the conduct that occurred or when it occurred). As described *infra*, Plaintiff shall be given the opportunity to correct this deficiency in any amended complaint he may elect to file.

D. <u>Defendants Watson and Feldman</u>

Plaintiff asserts that Defendants Watson and Feldman are employed at Mike Best Bailbonds. He claims that these two Defendants are guilty of trespass and aggravated assault. Additionally, he states that they caused Plaintiff to be unlawfully arrested and falsely imprisoned. However, the only facts that the complaint alleges to support these conclusory claims is that these Defendants told "the Affiant's friend/fiancé and family that they were looking for an unknown person of interest." (Dkt. No. 1 at p. 10.) The fact that these two Defendants allegedly told Plaintiff's friends and family that they were looking for someone does

11

not state any type of claim trespass, aggravated assault, unlawful arrest or false imprisonment claim. Thus, Plaintiff's conclusory claims fail to satisfy the *Iqbal* standard.

E. <u>John Doe Stockton Police Officers</u>

Finally, Plaintiff raises similar claims against John Doe members of the Stockton Police Department that he did against Defendants Houck and Neal. Specifically, he states that these unknown Defendants are liable for trespass, aggravated assault, unlawful arrest/false imprisonment for their role in effectuating Judge Freed's warrant and verbally threatening to assault him. For the reasons why these allegations fail to state a claim against Defendants Houck and Neal, they also fail to state a claim against these unknown Defendants. Furthermore, the Court notes that "verbal threats or taunts, without more, are not sufficient to constitute a violation of the Eighth Amendment." *Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) (per curiam).

## V.    CONCLUSION

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must grant Plaintiff leave to amend the complaint unless amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). In this case, because it is possible that Plaintiff may be able to supplement his complaint with facts sufficient to overcome the deficiencies noted herein, Plaintiff shall be given leave to amend.

For the foregoing reasons, the complaint will be dismissed without prejudice with leave to amend.  An appropriate order will be entered.



Dated:  March 5, 2014                             s/Noel L. Hillman
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.

13